IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT RAMOS, AN INDIVIDUAL, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00603-JKP |
| | § | |
| vs. | § | |
| | § | |
| SMART SA PROPERTIES LLC, A | § | |
| LIMITED LIABILITY COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## **<u>ORDER</u>**

Before the Court in the above-styled cause of action is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, filed June 8, 2022 [#1].  The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).  By his motion, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on an inability to afford court fees and costs.  Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP and order service of Plaintiff's Complaint.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is unemployed but receives $814 per month in disability benefits and relies on public assistance to meet his basic needs.  Plaintiff's

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

motion also lists his monthly expenses, demonstrating that his expenses exceed his income. Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has reviewed Plaintiff's proposed Complaint for frivolousness pursuant to 28 U.S.C. § 1915(e).  The Court finds that Plaintiff's proposed Complaint [#1-2] asserts at least one non-frivolous claim.

The Court has also reviewed Plaintiff's proposed Complaint for standing.  This case arises under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").  Plaintiff self-identifies in his pleadings as an "independent advocate of the rights of similarly situated disabled persons" and an ADA "tester," whose purpose is to monitor, determine, and ensure "whether places of public accommodation are in compliance with the ADA."  (Compl. [#1-2], at ¶ 7.)  For an ADA tester to have Article III standing, he must have suffered a sufficiently concrete and particularized individual injury, rather than a hypothetical injury shared with all similarly disabled persons.  *See Laufer v. Mann Hospitality*, 996 F.3d 269 (5th Cir. 2021) (affirming dismissal for lack of subject matter jurisdiction of ADA tester case for failure to satisfy individual injury requirement under Article III).

In *Laufer*, the plaintiff had sued a Texas hotel, alleging that the online booking system used by the hotel failed to identify ADA accessible rooms that would accommodate her disability.  *Id.* at 271.  Yet, the plaintiff, a Florida resident, did not claim to have ever traveled to Texas or to have any definite plans to do so.  *Id.*  The Fifth Circuit held that the plaintiff's general intent to travel throughout Texas after the coronavirus pandemic abated was insufficient to establish an individualized injury and affirmed the district court's dismissal for lack of standing.  *Id.*  Here, Plaintiff sues an establishment that is located within 30 miles of his place of

residence, in an area he frequently travels, and alleges that he has attempted to patronize the establishment on multiple occasions but was unable to do so because of physical barriers to his access.  (Compl. [#1-2], at ¶¶ 11–15.)  Plaintiff has Article III standing to sue Defendant under the ADA.  Therefore, Defendant should be served with this lawsuit.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [#1-2] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk shall issue the summons attached to Plaintiff's motion [#1-5].

**IT IS SO ORDERED.**

SIGNED this 21st day of June, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE